UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA LEE WALLACH LORRETZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES COMEY, Director of the Federal Bureau of Investigation, et al.,<br><br>Defendants. | No. 2:17-cv-90-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

### A. **Plaintiff May Not Initiate an Action on Behalf of Others**

As a threshold matter, plaintiff Diana Lee Wallach Lorretz is the sole signatory to the complaint. But she purports to bring this action on behalf of herself and Turuche Lorretz and Joel Dennis Wallach. There is no indication from the record that Diana Lorretz is an attorney. Unless she is an attorney she may not represent Turuche Lorretz and Joel Dennis Wallach, and may not sign pleadings on their behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Lorretz may not bring claims on behalf of Turuche Lorretz and Joel Dennis Wallach. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

### B. **Plaintiff's Complaint Fails to Allege a Cognizable Claim**

More significantly, review of the first amended complaint reveals that it must be dismissed for failure to state a claim. *See* ECF No. 14.[2] The amended complaint, which purports to allege claims against more than 25 defendants, consists largely of unintelligible and conclusory allegations that fail to suggest, much less support, a cognizable legal claim. Plaintiff claims that

---

[2] Prior to screening of her original complaint, plaintiff filed a first amended complaint pursuant to Fed. R. Civ. P. 15(a) (permitting a amendment once as a matter of course within 21 days after the filing of a responsive pleading). Therefore, the court screens the first amended complaint.

3

she is a "beekeeper rancher housewife," and that defendants have prevented her from finding Turuche Lorretz and Joel Wallach, who appear to be plaintiff's relatives. ECF No. 14 at 6. She claims that the FBI and the Attorney General "covered up the not forgivable defendant anti-U.S. constitution activity [for] a long time, therefore some of we [sic] thirty one plaintiff have been assassinated instead of protected and rescued." *Id*. She further alleges that the defendants must be decapitated "to make sure they are dead." *Id*. at 7. Lastly, she claims defendants depleted funds from a direct express card and have not replaced the funds even though defendants could do so "in less than one hour. Therefore plaintiff could not escape from Sacramento crime scene." *Id*.

The amended complaint does not, however, identify any specific causes of action. Nor does it include any coherent factual allegations which could plausibly support a cognizable claim for relief. Accordingly, the amended complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2). Further, it is clear that another amendment cannot cure the deficiencies.[3] Therefore, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).[4]

/////

/////

---

[3] Plaintiff's original complaint was plagued with similar incoherent allegations. For example, plaintiff alleged that her time and money have been stolen by federal police officers, and that strangers are engaging in a conspiracy to commit elder abuse, bank robbery, wire fraud. ECF No. 1 at 5. She also claimed that James Comey, the director of the FBI, covered up for "FBI Agents who became bank robbers" and told lies about plaintiff. *Id*. at 6. She also alleged that her wallet was stolen 4 years ago, but that the State of California has refused to replace her driver's license. *Id*. She further claimed that a decision from a federal court issued in May 2015 shows that the Surgeon General of the United States "is breaking the law even today," and that the police arranged to have "Royal Prince Harold of England to Breathe on [plaintiff]." *Id*.

[4] Plaintiff has also filed a motion for a status hearing and motion to transfer the case to a different district, which both contain similar unintelligible allegations. ECF Nos. 20, 23. In light of the recommendation that this action be dismissed without leave to amend, those motions are moot.

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend;
2. All other pending motions be denied as moot; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE